Denisse O. Gastélum, SBN 282771
**GASTÉLUM LAW, APC**
3767 Worsham Ave.
Long Beach, California 90808
Tel: (213) 340-6112
Fax: (213) 402-8622
Email: dgastelum@gastelumfirm.com

Christian Contreras, Esq. (SBN 330269)
CC@Contreras-Law.com
Edwin S. Salguero, Esq. (SBN 344820)
ES@Contreras-Law.com
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000; Fax: (323) 597-0101

Attorneys for Plaintiffs,
TYRONE JOHNSON, et al.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE JOHNSON, individually, KEVIN PARADA, individually; WILLIAM EATON, individually, <br><br> Plaintiffs, <br><br> v. <br><br> LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; LOS ANGELES COUNTY, a public entity; SHERIFF ROBERT G. LUNA, individually; MICHAEL EARWOOD, individually; ERNESTO CRISOS, individually; MARIA GUTIERREZ, individually; and DOES 1 through 10, individually; <br><br> Defendants. | **CASE NO.: 2:24-cv-9197** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Failure to Protect from Harm, Fourteenth Amendment Violation (42 U.S.C. § 1983); <br> 2. Failure to Provide Medical Care, Fourteenth Amendment Violation (42 U.S.C. § 1983); <br> 3. Failure to Intervene (42 U.S.C. § 1983) <br> 4. Supervisory Liability (42 U.S.C. § 1983); <br> 5. Municipal Liability (*Monell*, 42 U.S.C. § 1983); <br> 6. Negligence; <br> 7. Violation of California Government Code §845.6; <br> 8. Violation of California Civil Code §52.1 (Tom Bane Act) <br><br> **DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

1.      This civil rights action seeks to remedy egregious civil rights violations stemming from the brutal and violent attack of KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON on or about August 13, 2023 in Pitchess Detention Center. This civil rights action also seeks to bring to public light the deliberate disregard for safety and protection carried out by the individual defendants in the present action.

2.      On August 13, 2023, during the 8:00 p.m. count time at Pitchess Detention Center in Supermax Dorm 618, a violent race riot (the "INCIDENT") erupted between Latino and Black inmates. The riot led to brutal assaults on KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON, with Black inmates being severely beaten and stabbed by Latino inmates. This violence occurred amid escalating racial tensions in the Dorm 618 that had been brewing due to earlier incidents.

3.      Upon information and belief, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 were aware of the potential for violence between Latino and Black inmates in Dorm 618 since a similar race riot occurred about one (1) week before the August 13, 2023 INCIDENT.

4.      However, despite the long history of race riots and racial tensions at Pitchess Detention Center including a race riot a week before the INCIDENT, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 failed to protect KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON from harm and were deliberately indifferent to their needed medical care.

5.      Furthermore, KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON's constitutional rights were also violated based upon LASD's and COUNTY's unconstitutional customs and practices along with their failure to train deputies.

6.      Accordingly, this civil rights action seeks to vindicate KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON's violent near death experience and

1    violation of their constitutional rights.

2                    **JURISDICTION AND VENUE**

3         7.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

4    Fourteenth Amendment to the United States Constitution, and the laws and

5    Constitution of the State of California. Jurisdiction is conferred upon this Court by 28

6    U.S.C. §§ 1331 and 1343.

7         8.    This Court has the authority to grant the requested declaratory relief

8    pursuant to 28 U.S.C. §§ 2201, as well as Federal Rules of Civil Procedure 57,

9    including pursuant to the Court's inherent equitable powers.

10        9.    Venue is proper within the Central District of California pursuant to 28

11    U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the

12    events and omissions giving rise to Plaintiffs' claims occurred within this district.

13        10.   Plaintiffs have complied with the California Tort Claims Act requirements

14    with respect to their claims arising under state law.

15        11.   With respect to these supplemental state claims, Plaintiffs request that this

16    Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims

17    as they arise from the same facts and circumstances that underlie the federal claims.

18                         **PARTIES**

19        12.   Plaintiff KEVIN PARADA, is and was, at all relevant times, an individual

20    residing in Los Angeles County, California.

21        13.   Plaintiff WILLIAM EATON, is and was, at all relevant times, an

22    individual residing in Los Angeles County, California.

23        14.   Plaintiff TYRONE JOHNSON, is and was, at all relevant times, an

24    individual residing in Los Angeles County, California.

25        15.   Defendant LOS ANGELES COUNTY (hereinafter also "COUNTY")

26    owns, operates, manages, directs and controls Defendant LOS ANGELES COUNTY

27    SHERIFF'S DEPARTMENT (hereinafter also "LASD"), also a separate public entity,

28    which employs other Doe Defendants in this action. At all times relevant to the facts

**COMPLAINT FOR DAMAGES**

1   alleged herein, Defendant COUNTY was responsible for assuring that the actions,
2   omissions, policies, procedures, practices and customs of its employees, including
3   LASD employees complied with the laws and the Constitutions of the United States
4   and of the State of California.  Defendant COUNTY, through LASD, is and was
5   responsible for ensuring the protection and safety of all persons incarcerated at the
6   LASD correctional facilities and detention centers, including Pitchess Detention
7   Center.

8       16.    Defendant ROBERT G. LUNA (hereinafter also "LUNA"), at all times
9   mentioned herein, was the Sheriff of Defendant LOS ANGELES COUNTY, the
10  highest position in the COUNTY Jails. As Sheriff, Defendant LUNA is and was
11  responsible for the hiring, screening, training, retention, supervision, discipline,
12  counseling, and control of all COUNTY Jails' employees and/or agents. Defendant
13  LUNA is and was charged by law with oversight and administration of the COUNTY
14  Jails, including ensuring the safety of the inmates housed therein. Defendant LUNA
15  also is and was responsible for the promulgation of the policies and procedures and
16  allowance of the practices/customs pursuant to which the acts of the COUNTY Jails
17  alleged herein were committed. Defendant LUNA is being sued in his individual
18  capacities.

19      17.    At all relevant times, MICHAEL EARWOOD, individually; ERNESTO
20  CRISOS, individually; MARIA GUTIERREZ were individuals employed as
21  employees/deputies with the defendant LASD, acting within the course and scope of
22  that employment, under color of law.

23      18.    At all relevant times, Defendants DOE Deputies 1-10, inclusive, were
24  individuals employed as employees/deputies with the defendant LASD, acting within
25  the course and scope of that employment, under color of law.

26      19.    Plaintiffs are ignorant of the true names and capacities of Defendants DOE
27  Deputies 1 through 10 ("DOE Defendants") and therefore sue these Defendants by such
28  fictitious names. Plaintiffs are informed and believe and thereon alleges that each

1 | Defendant so named is responsible in some manner for the injuries and damages
2 | sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state
3 | the names and capacities of each DOE Defendant when they have been ascertained.

4 | 20.    The identities, capacities, and/or nature of involvement of the defendants
5 | sued as DOE Deputies 1 through 10 are presently unknown to the Plaintiffs who
6 | therefore sue these defendants by fictitious names. Plaintiffs are informed, believe, and
7 | thereupon allege that DOE Deputies 1 through 10 include individual law enforcement
8 | personnel employed by the LASD and the COUNTY, and that they were involved in
9 | some manner and are legally responsible for the wrongful acts and conduct alleged
10 | herein. Plaintiffs will amend this complaint to substitute the DOE Defendants' true
11 | names and capacities when they have been ascertained. Plaintiffs are informed, believe,
12 | and thereupon allege that each DOE defendant is a resident of California. Upon
13 | information and belief, DOE Deputies 1 through 10 were and still are residents of LOS
14 | ANGELES COUNTY, California. DOE Deputies 1 through 10 are sued in their
15 | individual capacity.

16 | 21.    Each of the defendants, including the DOE Deputy Defendants, caused,
17 | and is responsible for, the unlawful conduct and resulting injuries suffered by Plaintiffs
18 | by, among other things, personally participating in the unlawful conduct, acting jointly,
19 | or conspiring with others who did so; by ordering, authorizing, acquiescing in, or
20 | setting in motion policies, plans, or actions that led to the unlawful conduct, by failing
21 | to take action to prevent the unlawful conduct; by failing and refusing to initiate and
22 | maintain adequate training and supervision; by failing to enact policies to address the
23 | constitutional rights of protesters despite the obvious need for such a policy; and by
24 | ratifying the unlawful conduct that occurred by agents and officers under their direction
25 | and control, including failing to take remedial or disciplinary action.

26 | 22.    Plaintiffs are informed and believe and thereon allege that each of the
27 | Defendants was at all material times an agent, servant, employee, partner, joint venturer,
28 | co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things

herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe and thereon allege that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity and an integral participant in the conduct described herein, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

23.    Plaintiffs are informed, believe, and thereupon allege that, at all times relevant hereto, Defendants, and each of them, acted as the agents, servants, and employees of each of the other defendants.

24.    In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

25.    In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under the color of law.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### I.    Background on Race Riots in Pitchess Detention Center

26.    At all relevant times, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, and MARIA GUTIERREZ were Los Angeles County Sheriff's Department deputies assigned to the Pitchess Detention Center.

27.    Upon information and belief, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10, and each of them, knew, or should have known about multiple race riots or multiple conflicts amongst difference races at the Pitchess Detention Center.

28.    The multiple race riots and conflicts amongst different races has come of a boil in multiple instances resulting in death or serious bodily injury to innocent detainees. Indeed, in July of 2021, a riot at the Pitchess Detention Center left possibly 30 prisoners and two prison personnel injured. In 2021, the Pitchess Detention Center was designed to house approximately 8,600 male inmates in its four separate facilities.

The local Santa Clarita Valley Signal newspaper reported on its official website that Los Angeles County Fire Department (LAFD) received a call at on July 16, 2021 at 3:11 pm local time at the jail's address and dispatched multiple ambulances to the scene. Marvin Lim, a spokesman for the LAFD, was quoted as saying that the "large fight" involving individuals resulted in more than 30 injuries and it was unclear whether Los Angeles County Sheriff's Department personnel were involved or injured in the mass altercation. Deputy Shawn Dubusky, a spokesperson of the L.A. County Sheriff's Information Bureau, said he could not confirm the number of injuries, but added that both deputies and inmates had been involved in the altercation.

29.    As another example, on September 7, 2017, three (3) inmates suffered puncture wounds in a large racially motivated fight inside the Pitchess Detention Center in Castaic. The fight, pitting Hispanics against Blacks, was reported at 9:52 p.m. Wednesday, September 7, 2017 at 29320 The Old Road in a dorm containing 94 male inmates. Deputies used pepper spray to stop the fight. Three (3) inmates were taken to hospitals for treatment of puncture wounds. Two (2) of them were later released and one remained hospitalized but his injuries were not life-threatening.

30.    Clearly, any reasonable sheriff deputy assigned to the Pitchess Detention Center knew, or should have known about multiple race riots or multiple conflicts amongst difference races at the Pitchess Detention Center.

**II.    Incident in Question**

31.    On August 13, 2023, during the 8:00 p.m. count time at Pitchess Detention Center in Supermax Dorm 618, a violent race riot ("INCIDENT") erupted between Latino and Black inmates. The riot led to brutal assaults on several inmates, with Black inmates being severely beaten and stabbed by Latino inmates. This violence occurred amid escalating racial tensions in the Dorm 618 that had been brewing due to earlier incidents.

32.    Upon information and belief, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 were aware of the

potential for violence between Latino and Black inmates in Dorm 618 since a similar race riot occurred about one (1) week before the August 13, 2023 INCIDENT.

33.   Upon information and belief, following that earlier riot, LASD Deputies relocated the Black inmates from Dorm 618 but allowed the Latino inmates involved in the earlier riot to remain in Dorm 618, without any oversight or precautions to prevent another riot. Upon information and belief, after certain privileges were reinstated, approximately twelve (12) Black inmates, including WILLIAM EATON, and TYRONE JOHNSON, were placed back into Dorm 618 with around forty (40) Latino inmates amid high racial tensions.

34.   On August 13, 2023, at around 8:00 p.m. count time, inmate Kwame Williams did not comply when asked by Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 to return to his designated bunk and instead laid down in an undesignated bunk. Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 then called over a Black Representative and a Latino Representative to the gate and informed them that if Kwame Williams did not come to the gate to get handcuffed, the Deputies were going to "fuck your guys' shit up." By this time, about Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 and several other deputies were outside of Dorm 618.

35.   The Latino Representative stated to the Black Representative that the Black inmates were causing unwanted attention. About 2-3 days prior to the INCIDENT, LASD Deputies raided Dorm 618 and LADS Deputies destroyed the inmates' personal belongings. As the Black Inmate Representative and Latino Inmate Representative were walking away from the gate, the Latino inmates charged the Black inmates and the Latino inmates began beating and stabbing the Black inmates. TYRONE JOHNSON, KEVIN PARADA, and WILLIAM EATON were part of the Black inmate group.

///

36. Upon information and belief, despite Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 and several other deputies being stationed outside Dorm 618 in full riot gear, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 failed to intervene immediately. Instead of taking action to prevent the violence, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 recorded the INCIDENT on their cell phones, neglecting to deploy mace bombs or other measures to stop the chaos.

37. Worst yet, upon information and belief, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 allowed the attack on TYRONE JOHNSON, KEVIN PARADA, and WILLIAM EATON to continue for approximately three (3) to five (5) minutes before finally dispersing the inmates involved in the riot with mace bombs.

38. During the riot, KEVIN PARADA was savagely stabbed multiple times. Although KEVIN PARADA is of Latino descent, he was targeted by Latino inmates in Dorm 618 because of his association with Black inmates. KEVIN PARADA suffered blunt force trauma to his head and was stabbed in the back of his neck, near his spinal cord, and now has permanent nerve damage that affects the whole left side of his body. KEVIN PARADA was hospitalized from August 13, 2023, to September 22, 2023, as a result of his injuries, and he required specialized surgery. KEVIN PARADA was paralyzed on the left side of his body and was not able to walk for about two (2) weeks. He had to relearn how to walk and continues to experience mobility issues. The nerve damage to this left side of his body is causing him pain, numbness, tingling sensations, and he has limited strength; no longer able to grip with strength with his left hand. KEVIN PARADA has been informed by his Doctors that the nerve damage he sustained may never heal, and he will have limited use of the left side of his body for the rest of his life.

///

39.    WILLIAM EATON was ruthlessly stabbed ten (10) times during the riot. He suffered two (2) stab wounds to his chest, five (5) to his left shoulder, and the rest to his neck and head. The injury to his shoulder is severe, leaving him unable to raise his left arm above his head. The physical injuries have significantly impacted his quality of life, and he now endures ongoing physical and emotional trauma due to the incident.

40.    TYRONE JOHNSON was mercilessly stabbed seven (7) times, including wounds to his buttocks and body, as he attempted to shield fellow inmate KEVIN PARADA from being dragged away by Latino inmates to potentially face even worse harm. TYRONE JOHNSON attempted to protect KEVIN PARADA as KEVIN PARADA was bleeding profusely from a stab wound to his neck, causing TYRONE JOHNSON to suffer significant physical injuries as a result.

41.    These attacks have left KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON with both physical and psychological scars.

42.    As a direct result of the Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10's failure to protect KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON from harm and because of Defendants' intentional delayed response, KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON all sustained severe physical and psychological injuries.

43.    Upon information and belief, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 also failed to summon immediate medical care for KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON following the brutal attack they sustained, which further exacerbated KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's injuries.

44.    Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10, and each of them, owed KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON not only a basic duty of reasonable care, but a professional duty to intervene in the known misconduct by any other detainee or

inmate. Accordingly, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10, and each of them, present were individually responsible for the beating, stabbing, and various other civil rights violations inflicted on KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON, either by their direct participation or by their failure to intervene therein despite ample knowledge and opportunity to do so.

45.     Long before the attack on KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON, LASD personnel knew that there existed at County/LASD Jails a great indifference to the safety and protection of inmates, particularly vulnerable inmates. This indifference consisted of a total disregard by the LASD personnel for vulnerable inmates who were susceptible to being preyed upon by violent predatory inmates, like the inmates who brutally attacked KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON.

46.     Despite this long history of inmate-on-inmate violence, the LASD personnel deliberately failed to take even modest actions to prevent predatory behavior among inmates.  Thus, by the time KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON were taken into custody and placed at a Pitchess Detention Center cell, violent inmates knew that they could continue to prey on the most vulnerable with no interference on the part of the custodial staff or the medical/mental health staff.  KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON were instead reminded that his rights, dignity, and safety remain as vulnerable as ever due to Defendants' deplorable acts and omissions.

47.     The County of Los Angeles Sheriff Robert Luna and the Los Angeles County Sheriff's Department custodial and medical personnel assigned to its correctional facilities, by virtue of detaining individuals such as KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON, are given the responsibility to ensure that the County/LASD Jails are safe and that the constitutional rights of detainees such as KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON are not violated.

**COMPLAINT FOR DAMAGES**

The County of Los Angeles, the Los Angeles County Sheriff's Department and Sheriff Robert Luna have failed to ensure detainees do not get assaulted in their jails and have failed to protect the civil rights and constitutional rights of detainees within the County/LASD Jails. Accordingly, this claim and the subsequent lawsuit will seek judicial intervention to ensure further constitutional violations and jail assaults do not occur.

48.    Upon information and belief, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10,  were on notice of the dangers KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON faced if housed in Supermax Dorm 618, but Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10, and each of them, acted with deliberate indifference because they failed to immediately address the safety needs of KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON.

49.    Upon information and belief, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10, had an opportunity to prevent the inhumane attack on KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON. However, despite all the warning signs due to high racial tension and a previous race riot in Dorm 618, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10, were deliberately indifferent to KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's health and safety.

### FIRST CLAIM FOR RELIEF

**Failure to Protect from Harm,**

**Violation of the Fourteenth Amendment to the United States Constitution**

**(By Plaintiffs KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON As Against Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10)**

50.    Plaintiffs reallege and incorporates herein by reference each of the

preceding paragraphs of this complaint, and any subsequent paragraphs.

51.    Pretrial detainees such as KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON have a Fourteenth Amendment due process right to be free from harm. *See Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc); *see also Gordon v. County of Orange,* 888 F.3d 1118, 1124–25 (9th Cir. 2018).

52.    Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 were on notice of the dangers to inmates like KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON, as alleged herein, created a substantial risk of serious harm to these inmates if housed in Dorm 618 because of the known racial tensions in Dorm 618.

53.    Upon information and belief, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 were on notice that approximately one week before the INCIDENT, another race riot occurred where Black inmates and their associates were targeted by Latino inmates in Dorm 618.

54.    Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 made the intentional decision to place or keep KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON in Dorm 618 with other violent Latino inmates.

55.    Clearly, given the conflict and potential for death or serious bodily injury, the condition of placing or keeping KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON in Dorm 618 with other violent Latino inmates put KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON at substantial risk of suffering serious harm.

56.    Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 should have taken action to prevent unnecessary harm to KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON, especially after being on notice of the dangers WILLIAM EATON, and TYRONE JOHNSON faced if housed in Dorm 618 because they were Black men and the dangers KEVIN PARADA

faced in Dorm 618 since he was a Latino man that associated with Black inmates, but Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 refused or failed to do so.

57.    In other words, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 did not take reasonable available measures to abate or reduce the risk Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 faced even though a reasonable deputy in the circumstances would have appreciated the high degree of risk involved— making the consequences of the Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10's conduct obvious.

58.    Indeed, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 deliberately disregarded the hazards and risks posed to persons incarcerated in Dorm 618, as alleged above. Defendants DOE DEPUTIES 1 through 10 failed to take any reasonable steps to mitigate the obvious and well-known risks of harm that were attendant to housing KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON in Dorm 618.

59.    Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 were on notice that their monitoring of inmates in Dorm 618, were inadequate and gave rise to a substantial risk of serious harm.

60.    Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10's failure to correct their lack of monitoring inmates and the dangerous conditions inmates faced while in custody in Dorm 618 evidences deliberate indifference to the inmates in their care.

61.    As a direct and proximate result of Defendants' conduct, the civil right of KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON, as protected by the Fourteenth Amendment of the United States Constitution were violated. Further, Plaintiffs KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON experienced physical pain, severe emotional distress, and mental anguish, and other

damages alleged herein.

62.    Defendants subjected KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

63.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages.

64.    The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendant LASD and COUNTY.

65.    Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## SECOND CLAIM FOR RELIEF

### Failure to Provide Medical Care,

### Violation of the Fourteenth Amendment to the United States Constitution

### (By Plaintiffs KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON As Against Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10)

66.    Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

67.    Pretrial detainees such as KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON have a Fourteenth Amendment due process right to needed medical care. *See Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc); *see also Gordon v. County of Orange,* 888 F.3d 1118, 1124–25 (9th Cir. 2018).

68.    Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 made the intentional decision regarding the denial of needed medical care of  KEVIN PARADA, WILLIAM EATON, and TYRONE

JOHNSON. Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 denied KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON needed medical care by placing them and allowing them to remain in Dorm 618 with other violent Latino inmates where KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON suffered injuries which foreseeably required needed medical care. However, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 created such a situation where they would be prevented from providing KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON needed medical care when they foreseeably suffered injuries such as stab wounds when intentionally placed with other dangerous and hostile inmates.

69.     By the actions and omissions described above, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10, violated the Fourteenth Amendment, depriving KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON, of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendments to the United States Constitution: KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's right to be free from deliberate indifference to their safety and serious medical needs awhile in custody as pretrial detainees as secured by the Fourth and/or Fourteenth Amendments.

70.     Despite KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's need for medical care after being severely stabbed and beaten by Latino inmates, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10, failed to provide KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON with immediate medical care. Indeed, it was foreseeable that KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON would suffer injuries which needed medical care, yet Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 denied

**COMPLAINT FOR DAMAGES**

1    such needed medical care.

2        71.    Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA

3    GUTIERREZ and DOES 1-10 did not take reasonable available measures to abate or

4    reduce the risk of serious harm KEVIN PARADA, WILLIAM EATON, and TYRONE

5    JOHNSON would face when being denied needed medical care, even though a

6    reasonable deputy under the circumstances would have understood the high degree of

7    risk involved—making the consequences of the Defendants' conduct obvious

8        72.    By the actions and omissions described above, Defendants MICHAEL

9    EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 as alleged

10   herein, including but not limited to their failure to provide KEVIN PARADA,

11   WILLIAM EATON, and TYRONE JOHNSON with needed medical care constituted

12   deliberate indifference to KEVIN PARADA's, WILLIAM EATON's, and TYRONE

13   JOHNSON's serious medical needs.

14       73.    As a direct and proximate result of Defendants MICHAEL EARWOOD,

15   ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10' conduct, the civil rights

16   of KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON, as protected by

17   the Fourteenth Amendment of the United States Constitution were violated.

18       74.    Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA

19   GUTIERREZ and DOES 1-10 subjected Plaintiffs to their wrongful conduct, depriving

20   Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and

21   reckless disregard for whether the rights and safety of Plaintiffs and others would be

22   violated by their acts and/or omissions.

23       75.    As a direct and proximate result of Defendants' acts and/or omissions as

24   set forth above, Plaintiffs sustained injuries and damages.

25       76.    The conduct of Defendants entitles Plaintiffs to punitive damages and

26   penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not

27   seek punitive damages against Defendants LASD and COUNTY.

28   ///

**COMPLAINT FOR DAMAGES**

77. Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## THIRD CLAIM FOR RELIEF

### Failure to Intervene

### (42 U.S.C. § 1983)

### (By Plaintiffs KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON against Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10)

78. Plaintiffs realleges and incorporates by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

79. Generally, "[t]here is[ ]... no constitutional duty of state officials to protect members of the public at large from crime." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699–700 (9th Cir. 1988) (citing *Martinez v. California*, 444 U.S. 277, 284–85 (1980)). While they have no general duty to protect the public, state and local law enforcement officers do " 'have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen.' " *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). "Importantly, however, officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Id.*; *see also Chaudhry v. City of Los Angeles*, 2010 WL 11459790, at *4 (C.D. Cal. Dec. 21, 2010).

80. Plaintiffs KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON claim that Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10, are equally liable for the constitutional rights violations they suffered at the hands of Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 due to the complete and utter failure of one or all of Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10to intervene therein.

81. Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 had a duty to intervene to protect the safety of KEVIN

1  PARADA, WILLIAM EATON, and TYRONE JOHNSON as Plaintiffs were being
2  beaten and stabbed while Defendants MICHAEL EARWOOD, ERNESTO CRISOS,
3  MARIA GUTIERREZ and DOES 1-10 merely watched and did not take action to
4  protect KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON.

5     82.   Plaintiffs are informed, believe, and on that basis allege, that Defendants
6  MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-
7  10 were physically present for and aware of the rights violations perpetrated by
8  Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and
9  DOES 1-10 as they were occurring, but declined to intervene in violation of their sworn
10  duties as deputies.

11     83.   As a direct consequence of these injuries, KEVIN PARADA, WILLIAM
12  EATON, and TYRONE JOHNSON suffered and continue to suffer severe physical,
13  mental, and emotional anguish.

14     84.   Defendants subjected Plaintiffs to their wrongful conduct, depriving
15  Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and
16  reckless disregard for whether the rights and safety of Plaintiffs and others would be
17  violated by their acts and/or omissions.

18     85.   As a direct and proximate result of Defendants' acts and/or omissions as
19  set forth above, Plaintiffs sustained injuries and damages.

20     86.   The conduct of Defendants entitles Plaintiffs to punitive damages and
21  penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not
22  seek punitive damages against Defendants LASD and COUNTY.

23     87.   Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42
24  U.S.C. § 1988, and other applicable United States and California codes and laws.

25  ///
26  ///
27  ///
28  ///

**COMPLAINT FOR DAMAGES**

**FOURTH CLAIM FOR RELIEF**

**Supervisory Liability,**

**(42 U.S.C. § 1983)**

**(By Plaintiffs KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON**

**As Against Defendants SHERIFF LUNA, and DOE DEPUTIES 1 through 10)**

88.     Plaintiffs reallege and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

89.     This claim is brought against Defendant SHERIFF LUNA in his personal capacity based upon his personal conduct while top sheriff of LASD. This claim is brought against Defendants DOES 1-10 in their individual capacities as supervisors within LASD. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Indeed, "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.*

90.     At all material times, SHERIFF LUNA and DOES 1 through 10 had the duty and responsibility to constitutionally hire, train, instruct, monitor, supervise, evaluate, investigate, staff, and discipline the other Defendants employed by their respective agencies in this matter, as well as all employees and agents of the COUNTY and LASD.

91.     Defendants SHERIFF LUNA and DOES 1 through 10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the respective employees of their agencies, including Defendants DOE DEPUTIES 1 through 10, and other COUNTY and LASD personnel, with deliberate indifference to KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's and others'

**COMPLAINT FOR DAMAGES**

constitutional rights, which were thereby violated as described above.

92.     As supervisors, SHERIFF LUNA and DOES 1 through 10 each permitted and failed to prevent the unconstitutional acts of other Defendants and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights to safety and protection while incarcerated at Pitches Detention Center and the rights to the serious medical and mental health needs of KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON. Supervising Defendants either directed his or her subordinates in conduct that violated Plaintiffs' rights, or set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON of rights, or knew his or her subordinates were engaging in acts likely to deprive KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON of rights and failed to act to prevent his or her subordinate from engaging in such conduct, or disregarded the consequence of a known or obvious training deficiency that he or she must have known would cause subordinates to violate KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's rights, and in fact did cause the violation of KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's rights. (*See*, Ninth Circuit Model Civil Jury Instruction 9.4). Furthermore, each of these supervising Defendants is liable for their failures to intervene in their subordinates' apparent violations of KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's rights.

93.     The unconstitutional customs, policies, practices, and/or procedures of Defendants COUNTY and LASD, as stated herein, were directed, encouraged, allowed, and/or ratified by policymaking officers for Defendants COUNTY and LASD, including Defendants SHERIFF LUNA and DOES 1 through 10, respectively, with deliberate indifference to KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's and others' constitutional rights, which were thereby violated as described above.

**COMPLAINT FOR DAMAGES**

94.    The unconstitutional actions and/or omissions of Defendants DOE DEPUTIES 1 through 10, and other COUNTY and LASD personnel, as described above, were approved, tolerated, and/or ratified by policymaking officers for the COUNTY and LASD, including Defendants SHERIFF LUNA, and DOE DEPUTIES 1 through 10.

95.    Plaintiffs are informed and believe and thereon allege that the details of this incident have been revealed to Defendants SHERIFF LUNA, and DOE DEPUTIES 1 through 10 and that such Defendant-policymakers have direct knowledge of the fact that the brutal attack by inmates on KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON was not justified, necessary, and preventable because COUNTY and LASD were on notice of the dangers Black inmates and Latinos inmates that associate with Black inmates faced if housed in Dorm 618 because of the high racial tension in the Dorm and because of the race riot that occurred about one (1) week before the INCIDENT, and thus represents deliberate indifference to their rights to be protected and safe while in the COUNTY's custody. Notwithstanding this knowledge, on information and belief, Defendants SHERIFF LUNA and DOE DEPUTIES 1 through 10 have approved and ratified the conduct and decisions of Defendants DOE DEPUTIES 1 through 10 in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the harm that KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON have suffered. By so doing, Defendants SHERIFF LUNA and DOE DEPUTIES 1 through 10 have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants.

96.    Furthermore, Plaintiffs are informed and believe, and thereupon allege, that Defendants SHERIFF LUNA, and DOE DEPUTIES 1 through 10 and other policymaking officers for the COUNTY and LASD were and are aware of a pattern of misconduct and injury, and a code of silence, caused by COUNTY and LASD custody, medical and mental health staff personnel similar to the conduct of Defendants

1  described herein, but failed to discipline culpable law enforcement officers and

2  employees and failed to institute new procedures and policy within the COUNTY and

3  LASD.

4      97.    The aforementioned customs, policies, practices, and procedures; the

5  failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate,

6  investigate, and discipline; and the unconstitutional orders, approvals, ratification, and

7  toleration of wrongful conduct of Defendants SHERIFF LUNA, and DOE DEPUTIES

8  1 through 10 were a moving force and/or a proximate cause of the deprivations of

9  KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's clearly

10  established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as

11  more fully set forth above.

12      98.    Defendants subjected KEVIN PARADA, WILLIAM EATON, and

13  TYRONE JOHNSON to their wrongful conduct, depriving KEVIN PARADA,

14  WILLIAM EATON, and TYRONE JOHNSON of rights described herein, knowingly,

15  maliciously, and with conscious and reckless disregard for whether the rights and safety

16  of KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON and others

17  would be violated by their acts and/or omissions.

18      99.    As a direct and proximate result of the unconstitutional actions, omissions,

19  customs, policies, practices, and procedures of Defendants SHERIFF LUNA, and DOE

20  DEPUTIES 1 through 10 as described above, Plaintiffs sustained serious and

21  permanent injuries and are entitled to damages, penalties, costs, and attorneys' fees.

22  **<u>FIFTH CLAIM FOR RELIEF</u>**

23  **Municipal Policies, Customs, Practices Causing Constitutional Violations**

24  **(*Monell* - 42 U.S.C. § 1983)**

25  **(By Plaintiffs KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON**

26  **As Against Defendants COUNTY OF LOS ANGELES and LOS ANGELES**

27  **COUNTY SHERIFF'S DEPARTMENT)**

28      100.   Plaintiffs reallege and incorporate herein by reference each of the

preceding paragraphs of this complaint, and any subsequent paragraphs.

101.    In *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978), the Supreme Court held that municipalities were "persons" under § 1983 and thus could be held liable for causing a constitutional deprivation. *Id.* at 690. The Court explained that while a municipality may not be held liable under § 1983 for the torts of its employees on a theory of respondent superior, liability may attach where the municipality itself causes the constitutional violation through the execution of an official policy, practice or custom. *Id.* at 690–691.

102.    At all times relevant hereto, the COUNTY and LASD were required to adhere to and enforce the following policies and procedures:

a.    To segregate inmates different races including the segregation of Black and Latino inmates;

b.    The oversee and supervise dorms, modules, and facilities with inmates of different races to prevent race riots or conflicts amongst races;

c.    To provide additional monitoring and supervision of dorms, modules, and facilities after a race riot or conflict to prevent subsequent race riots or conflicts amongst races;

d.    Institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis after being involved in a conflict;

e.    A policy prohibiting covering up violations of constitutional rights by any or all of the following:

    i.    By failing to properly investigate and/or evaluate incidents of violations of rights, including by unconstitutional medical care at the jail;

    ii.    By ignoring and/or failing to properly and adequately investigate and/or investigate and discipline unconstitutional or unlawful conduct by custodial personnel;

24

**COMPLAINT FOR DAMAGES**

iii.    By turning a blind eye to custodial who direct, aid, and/or assist with the distribution of hazards, including illicit drugs, into Los Angeles County jails; and

iv.    By allowing, tolerating, and/or encouraging custodial and medical personnel to: fail to file complete and accurate reports; file false reports; make false statements; and/or obstruct or interfere with investigations of unconstitutional or unlawful conduct by withholding and/or concealing material information;

f.    A policy prohibiting a "code of silence" among law enforcement officers, LASD personnel, custodial personnel and medical personnel at the jail whereby an officer or member of the LASD or medical staff does not provide adverse information against a fellow officer, or member of the LASD or the medical staff;

g.    Have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in subparagraphs (a) through (f) above, with deliberate indifference to the rights and safety of pretrial detainees, such as KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON, and in the face of an obvious need for such policies, procedures, and training programs.

103.    The unconstitutional actions and/or omissions of Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10, as well as other officers employed by or acting on behalf of the COUNTY and LASD, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the COUNTY and the LASD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for the COUNTY and LASD, including SHERIFF LUNA:

a.    To segregate inmates different races including the segregation of Black

and Latino inmates;

b.    The oversee and supervise dorms, modules, and facilities with inmates of different races to prevent race riots or conflicts amongst races;

c.    To provide additional monitoring and supervision of dorms, modules, and facilities after a race riot or conflict to prevent subsequent race riots or conflicts amongst races;

d.    Institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis after being involved in a conflict;

e.    A policy prohibiting covering up violations of constitutional rights by any or all of the following:

    i.    By failing to properly investigate and/or evaluate incidents of violations of rights, including by unconstitutional medical care at the jail;

    ii.    By ignoring and/or failing to properly and adequately investigate and/or investigate and discipline unconstitutional or unlawful conduct by custodial personnel;

    iii.    By turning a blind eye to custodial who direct, aid, and/or assist with the distribution of hazards, including illicit drugs, into Los Angeles County jails; and

    iv.    By allowing, tolerating, and/or encouraging custodial and medical personnel to: fail to file complete and accurate reports; file false reports; make false statements; and/or obstruct or interfere with investigations of unconstitutional or unlawful conduct by withholding and/or concealing material information;

f.    A policy prohibiting a "code of silence" among law enforcement officers, LASD personnel, custodial personnel and medical personnel at the jail whereby an officer or member of the LASD or medical staff does not

**COMPLAINT FOR DAMAGES**

1   provide adverse information against a fellow officer, or member of the

2   LASD or the medical staff;

3       g.   Have and enforce necessary, appropriate, and lawful policies, procedures,

4   and training programs to prevent or correct the unconstitutional conduct,

5   customs, and procedures described in subparagraphs (a) through (f) above,

6   with deliberate indifference to the rights and safety of pretrial detainees,

7   such as KEVIN PARADA, WILLIAM EATON, and TYRONE

8   JOHNSON, and in the face of an obvious need for such policies,

9   procedures, and training programs.

10       104.   Furthermore, Defendants COUNTY and LASD, through their employees

11   and agents, and through their policy-making supervisors, SHERIFF LUNA and DOE

12   DEPUTIES 1 through 10, failed to properly hire, train, instruct, monitor, supervise,

13   evaluate, investigate, and discipline Defendants DOE DEPUTIES 1 through 10, and

14   other COUNTY and LASD personnel, with deliberate indifference to the constitutional

15   rights of KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON, and

16   others in similar positions, as described above, and therefore, those rights thereby

17   violated.

18       105.   The unconstitutional actions and/or omissions of Defendants MICHAEL

19   EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10, and other

20   LASD custody staff, as described above, were approved, tolerated, and/or ratified by

21   policymaking officers for the COUNTY and LASD, including Defendants SHERIFF

22   LUNA and DOE DEPUTIES 1 through 10. Plaintiffs are informed and believe and

23   thereon allege that the details of this incident have been revealed to the authorized

24   policymakers within the COUNTY and LASD, and that such policymakers have direct

25   knowledge of the fact that the injuries sustained by KEVIN PARADA, WILLIAM

26   EATON, and TYRONE JOHNSON of was the result of deliberate indifference to their

27   rights to be protected and safe while in the custody of the COUNTY/LASD, and their

28   rights to have access to medical care when suffering a medical emergency.

**COMPLAINT FOR DAMAGES**

Notwithstanding this knowledge, the authorized policymakers within the COUNTY and LASD have approved of the conduct and decisions of Defendants DOE DEPUTIES 1 through 10 in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the injuries sustained by KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON. By so doing, the authorized policymakers within the COUNTY and LASD have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants. Furthermore, Plaintiffs are informed and believe, and thereupon allege, that Defendants SHERIFF LUNA and DOE DEPUTIES 1 through 10, and other policy-making officers for the COUNTY and LASD were and are aware of a pattern of misconduct and injury caused by COUNTY Jails custody and medical staff similar to the conduct of Defendants described herein, but failed to discipline culpable custody and medical staff and failed to institute new procedures and policy within the COUNTY and LASD.

106.    The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants COUNTY and LASD were a moving force and/or a proximate cause of the deprivations of KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's clearly established and well-settled constitutional rights in violation of their Fourteenth Amendment rights. Defendants subjected KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON to their wrongful conduct, depriving KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of  KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON and others would be violated by their acts and/or omissions.

///

**COMPLAINT FOR DAMAGES**

107.   As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants COUNTY and LASD, as described above, KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON suffered serious injuries, Plaintiffs are entitled to damages, penalties, costs, and attorneys' fees against Defendants COUNTY and LASD.

## SIXTH CLAIM FOR RELIEF

### FOR NEGLIGENCE

**(By Plaintiffs KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON As Against All Defendants Save LASD)**

108.   Plaintiffs reallege and incorporate by reference each of the forgoing and subsequent paragraphs of this Complaint with the same force and effect as if fully set forth herein.

109.   The present claim for relief is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under Section 820, as public employees, the individual Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815.2, the Defendant public entity, COUNTY OF LOS ANGELES, is vicariously liable for injuries caused by the acts or omissions of its employees, officers, and agents, committed within the course and scope of that employment. *See Zelig v. County of Los Angeles* (2002) 27 Cal.4th1112, 1128.

110.  Plaintiffs KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON were harmed by the negligence of Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 because they were on notice that as Black men, WILLIAM EATON, and TYRONE JOHNSON and KEVIN PARADA as a Latino who associated with Black inmates, were in danger by being housed in Dorm 618.

111.  Upon information and belief, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 were aware of the high

**COMPLAINT FOR DAMAGES**

racial tensions in Dorm 618 between Latino and Black inmate and were aware of the race riot that occurred approximately one (1) week before the INCIDENT. However, due to Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10's negligence, KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON were housed in Dorm 618, which exposed Plaintiffs to the dangers of Latino inmates in Dorm 618 including being stabbed which subjected Plaintiffs to the risk of death or serious bodily injury.

112.   As deputies, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 owed a basic duty of reasonable care to all people with whom they interact and, more importantly, professional duties to uphold the law and to protect and serve the public. Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 breached these duties when they neglected Plaintiffs' safety by housing them in Dorm 618 despite the prior race riot and high racial tensions.

113.   The vicious beatings and stabbings Plaintiffs received were the exclusive cause of Plaintiffs' injuries and rights deprivations, which include but are not limited to being beaten and almost stabbed to death by several inmates, over and over again; causing severe injuries and psychological trauma to KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON. Further, Plaintiffs KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON have suffered and continue to suffer as a result of the traumatizing experience, including but not limited to feelings of shame and powerlessness, and disillusionment with the justice system.

## SEVENTH CLAIM FOR RELIEF

### Violation of California Government Code § 845.6

**(By Plaintiffs KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON As Against All Defendants Save LASD)**

114.   Plaintiffs reallege and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

115.   The present claim for relief is brought pursuant to Cal. Gov. Code §§ 815.2, 820 and 845.6. Under Section 820, as public employees, the individual Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815.2, the Defendant public entity, COUNTY OF LOS ANGELES, is vicariously liable for injuries caused by the acts or omissions of its employees, officers, and agents, committed within the course and scope of that employment. *See Zelig v. County of Los Angeles* (2002) 27 Cal.4th1112, 1128.

116.   Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 were aware KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON required immediate medical care and treatment following the preventable beatings and stabbings they received. However, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10, who were employed by Defendants COUNTY and LASD, failed to take reasonable action to summon immediate medical care and treatment.

117.   Indeed, each individual defendant had knowledge of or reason to know about KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's need for immediate medical care and treatment, especially after witnessing Plaintiffs being beaten and stabbed in Dorm 618. Yet Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 failed to take reasonable action to summon such care and treatment. This conduct of the Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 is in violation of California Government Code § 845.6.

118.   Defendants COUNTY and LASD are vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

119.   As a direct and proximate result of the aforementioned acts of these Defendants, Plaintiffs were injured as set forth above, and they are entitled to all

damages allowable under California law. Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs, and attorney fees under California law.

## EIGHTH CLAIM FOR RELIEF

### Violation of California Civil Code §52.1

### (Tom Bane Act)

### (By Plaintiffs KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON As Against All Defendants Save LASD)

120.    Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

121.    The present claim for relief is brought pursuant to Cal. Gov. Code §§ 815.2, 820 and Civil Code Section 52.1. Under Section 820, as public employees, the individual Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815.2, the Defendant public entity, COUNTY OF LOS ANGELES, is vicariously liable for injuries caused by the acts or omissions of its employees, officers, and agents, committed within the course and scope of that employment. *See Zelig v. County of Los Angeles* (2002) 27 Cal.4th1112, 1128.

122.    Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10, each acting in concert/conspiracy, as described herein, while KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON were in custody, and by threat, intimidation, and/or coercion, interfered with, attempted to interfere with, and violated KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's rights under California Civil Code § 52.1 and under the United States Constitution and California Constitution as follows:

  a.  To be free from the risk of death or serious bodily injury as protected by the Fourteenth Amendment;

b. The right to be free from objectively unreasonable treatment and deliberate indifference to Plaintiffs' serious medical needs while in custody as a pretrial detainee as secured by the Fourteenth Amendments to the United States Constitution and by California Constitution, Article 1, §§ 7 and 13;

c. The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, § 1;

d. The right to emergency medical and mental health care as required by California Government Code §845.6;

123. Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10's violations of KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's due process rights with deliberate indifference, in and of themselves constitute violations of the Bane Act. [1]

124. Alternatively, separate from, and above and beyond, Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10 attempted interference, interference with, and violation of KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's rights as described above, Defendants DOE DEPUTIES 1 through 10 violated KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's rights by the following conduct constituting threat, intimidation, or coercion:

a. With deliberate indifference to hazards that posed a risk to individuals in custody, such as KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON;

---

[1] *See Atayde v. Napa State Hosp.*, No. 1:16-cv-00398-DAD-SAB, 2016 U.S. Dist. LEXIS 126639, at *23 (E.D. Cal. Sept. 16, 2016) (citing *M.H. v. Cty. of Alameda*, 90 F. Supp. 3d 889, 899 (N.D. Cal. 2013); *see also, Cornell v. City and County of San Francisco*, Nos. A141016, A142147, 2017 Cal. App. LEXIS 1011 at *58, f.n. 32 (Cal. Ct. App. Nov. 16, 2017) (approving M.H., supra.); *Reese v. County of Sacramento*, 888 F.3d 1030, 1043-44 (9th Cir. 2018) (following *Cornell*); *Rodriguez v. County of L.A.,* 891 F.3d 776, 799, 802 (9th Cir. 2018) (following *Cornell*).

**COMPLAINT FOR DAMAGES**

b. With deliberate indifference to KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's serious medical and mental health needs, suffering, and risk of grave harm including death, depriving of necessary, life-saving care for her medical needs;

c. Subjecting Plaintiffs to ongoing violations of their rights to prompt care for their serious medical and mental health needs over days, causing immense and needless suffering, intimidation, coercion, and threats to their life and well-being;

d. Deliberately contracting for and causing the provision of inadequate and incompetent medical health care to COUNTY jail detainees and inmates; and

e. Instituting and maintaining the unconstitutional customs, policies, and practices described herein, when it was obvious that in doing so, individuals such as KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON would be subjected to violence, threat, intimidation, coercion, and ongoing violations of rights as KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON was here.

125. The threat, intimidation, and coercion described herein were not necessary or inherent to Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10's violation of KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's rights, or to any legitimate and lawful jail or law enforcement activity.

126. Further, all of Defendants MICHAEL EARWOOD, ERNESTO CRISOS, MARIA GUTIERREZ and DOES 1-10's violations of duties and rights, and coercive conduct, described herein were volitional acts; none was accidental or merely negligent.

127. Further, each Defendant violated KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's rights with reckless disregard and with the

34

1  specific intent and purpose to deprive them of their enjoyment of those rights and of
2  the interests protected by those rights.

3      128.  Defendant COUNTY is vicariously liable for the violations of state law
4  and conduct of their officers, deputies, employees, and agents, including individual
5  named defendants, under California Government Code § 815.2.

6      129.  As a direct and proximate result of Defendants DOE DEPUTIES 1
7  through 10 violation of California Civil Code § 52.1 and of KEVIN PARADA's,
8  WILLIAM EATON's, and TYRONE JOHNSON's rights under the United States and
9  California Constitutions, Plaintiffs sustained injuries and damages, and against each
10 and every Defendant is entitled to relief, including punitive damages against all
11 individual Defendants, and all damages allowed by California Civil Code §§ 52 and
12 52.1 and California law, not limited to costs attorneys' fees, and civil penalties.

## **REQUEST FOR RELIEF**

14     Wherefore, Plaintiffs respectfully requests that the Court enter a judgment as
15 follows:

16  A.  General Damages in excess of the mandatory amount for jurisdiction in
17      the Unlimited Superior Court;

18  B.  KEVIN PARADA's, WILLIAM EATON's, and TYRONE JOHNSON's
19      conscious pain, suffering, and disfigurement, pursuant to federal civil
20      rights law;

21  C.  Non-Economic Damages, according to proof plus all further and proper
22      relief;

23  D.  Punitive damages as to individual peace officer defendants;

24  E.  Attorney's fees pursuant to State Law (Cal. Code Civ. Proc. § 1021.5 &
25      private attorney general doctrine);

26  F.  Penalties under the Tom Bane Act;

27  G.  Interest; and

28

**COMPLAINT FOR DAMAGES**

1      H.     All other damages, penalties, costs, interest, and attorneys' fees as allowed

2          by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §

3          1021.5; California Civil Code §§ 52 *et. seq.*, 52.1; and as otherwise may

4          be allowed by California and/or federal law.

5 **Dated: October 24, 2024**     **LAW OFFICES OF CHRISTIAN CONTRERAS**

6                                            **A PROFESSIONAL LAW CORPORATION**

7

8                         By: _____

9                         Christian Contreras, Esq.
                         Attorneys for Plaintiffs,

10                         KEVIN PARADA, et al.

11

12 **Dated: October 24, 2024**     **GASTÉLUM LAW, APC**

13                         By: _____

14                         Denisse O. Gastélum, Esq.
                        Attorneys for Plaintiffs,

15                         KEVIN PARADA, et al.

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

1

## **DEMAND FOR JURY TRIAL**

2

   Plaintiffs KEVIN PARADA, WILLIAM EATON, and TYRONE JOHNSON

3

hereby makes a demand for a jury trial in this action.

4

**Dated: October 24, 2024**     **LAW OFFICES OF CHRISTIAN CONTRERAS**

5

              **A PROFESSIONAL LAW CORPORATION**

6

7

By: _____

8

Christian Contreras, Esq.
Attorneys for Plaintiffs,

9

KEVIN PARADA, et al.

10

**Dated: October 24, 2024**     **GASTÉLUM LAW, APC**

11

12

By: _____

13

Denisse O. Gastélum, Esq.
Attorneys for Plaintiffs,

14

KEVIN PARADA, et al.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

37

**COMPLAINT FOR DAMAGES**